# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOEL GREENMAN, Individually and on behalf of a class, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Jury Demanded |
| YES ONLINE, INC. D/B/A DYNAMIC LEGAL RECOVERY, | ) ) ) ) |
| Defendant. | ) |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

## INTRODUCTION

Plaintiff, Joel Greenman, brings this action to secure redress for unlawful collection practices engaged in by Defendant Yes Online, Inc., d/b/a Dynamic Legal Recovery. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by Plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

3. Plaintiff Joel Greenman ("Plaintiff") is an individual and natural person who resides in the Northern District of Illinois.

4. Defendant Yes Online, Inc. d/b/a Dynamic Legal Recovery ("Dynamic") is a collection agency that is engaged as a "debt collector" as defined by and within the meaning of the FDCPA, §1692a(6).

5. Dynamic is engaged in the business of collecting debts in this State where it regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another, and whose principal purpose is the collection of defaulted consumer debts by the mailing of written communications to, and telephone communications with, consumers which are alleged to owe such defaulted debts.

6. Dynamic regularly collects defaulted consumer debts on behalf of others via the mailing of collection letters, and via telephone communications made to alleged debtors, all made in connection with the collection of the alleged debts they attempt to collect.

7. At the time the filing of this complaint, Dynamic maintained a website, [www.DLRFirm.com](www.DLRFirm.com), wherein it reads in part as follows:

**Dynamic Legal Recovery Is A Vigorous Account Receivable Recovery Firm And Debt Collection Firm Affiliated With 3000+ Attorneys, Investigative Professionals And Master Collectors Who Specialize In Creditors Rights. Our Fees Are Very Simple; There Is No One Size Fits All. Business Accounts, Are Collected In The First Two Weeks Nearly 80% Of The Time.**

8. Dynamic previously held an Illinois Collection Agency License, though it has allowed its License to lapse as of May 31, 2018.

9. Capricorn Credit ("Capricorn") is a Sydney, Australia based debt collection agency owned by Vivian Evans and Joseph Antoun who are long term partners of the law firm Uther Webster & Evans Pty Ltd.

10. Upon information and belief, Capricorn hired Dynamic to collect a purported debt from Plaintiff.

## FACTS

11. Upon information and belief, Capricorn hired Dynamic to collect an alleged debt incurred to St. Vincent's Hospital in Sydney, Australia for medical care administered to Plaintiff while on vacation in Australia.

12. Capricorn hired Dynamic after the alleged debt became delinquent.

13. Thereafter, on June 3, 2019, Dynamic mailed Plaintiff a letter ("Letter") seeking to collect an alleged debt, indicating that "Capricorn Credit" is the current creditor, and seeking an amount due of $5,995.05, consisting of $5,671.10 in principal and $323.95 in interest. (Exhibit A, Letter).

14. Plaintiff received and read the Letter on June 12, 2019.

15. As the alleged debt was incurred due to medical care administered to Plaintiff that was not related to any business purpose, the obligation was a "debt" as that term is understood under the provisions of the FDCPA.

16. Though listed as the current creditor, Capricorn is not the current creditor.

17. Capricorn is a debt collector.

18. Capricorn did not purchase the alleged debt at any time, and does not own the alleged debt.

19. The statement on the Letter indicating that "Capricorn Credit" is the current creditor is thus false.

20. Plaintiff was confused when he received the Letter, as he was unaware that he owed money to Capricorn, he was unaware that he owed interest, and he was confused as to the

amount of the alleged debt, since interest had suddenly started becoming due, though St. Vincent's Hospital had not previously sought interest in connection with the alleged debt, and he was unaware of agreeing to the imposition of interest on the alleged debt.

21. On June 18, 2019, Plaintiff sent an email to Dynamic disputing that he owed alleged debt, and seeking verification of the alleged debt, which Dynamic received.

22. After receiving no response, Plaintiff retained an attorney to advise him on the meaning of the Letter, as he was confused, *inter alia*, as to why he owed money to "Capricorn Credit", why he owes interest, whether the alleged debt is increasing, and why Dynamic asserts that he owes the amount sought.

23. Plaintiff did not understand why he owed money to Capricorn, a debt collector, if he did not at any time incur a debt to Capricorn.

24. Dynamic's Letter states that Capricorn is the current creditor, though Dynamic does not state, therein, that Capricorn purchased the alleged debt.

25. Capricorn does not own the alleged debt.

26. Dynamic's Letter conveyed information regarding the alleged debt, including the identity of the alleged creditor, the amount of principal, the amount of interest, and the amount due, and the Letter is thus a communication as that term is defined at §1692a(2) of the FDCPA.

27. 15 U.S.C. §1692e provides in part as follows:

**False or Misleading Representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

28. Dynamic's statement that Capricorn is the current creditor misrepresents the legal status and character of the alleged debt, and thus violates sections 1692e, 1692e(2), and 1692e(10) of the FDCPA.

29. The misrepresentation is significant, since payment made to Capricorn as the current creditor would not satisfy the alleged debt as to St. Vincent's Hospital, which is the true current creditor.

30. If Plaintiff were to pay Capricorn, he could still be pursued by St. Vincent's Hospital for payment.

31. Dynamic is fully aware that it is seeking recovery of the alleged debt on behalf of the wrong creditor.

32. Dynamic's statement that Plaintiff owes Capricorn $5,995.05, consisting of $5,671.10 in principal and $323.95 in interest, is false, deceptive and misleading.

33. 15 U.S.C. § 1692g of the FDCPA provides in part as follows:

**Validation of Debts**

**(a) Notice of debt; contents**
**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
**(1) the amount of the debt;**
**(2) the name of the creditor to whom the debt is owed;**
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

34. Dynamic's Letter contained a "Notice of Debt" as that term is defined in section 1692g of the FDCPA.

35. Pursuant to section 1692g(a)(2), Dynamic was required, within 5 days of the initial communication with Plaintiff that was made in connection with the collection of the alleged debt, to provide Plaintiff with "the name of the creditor to whom the debt is owed", as well as the "amount of the alleged debt".

36. Dynamic's first communication with Plaintiff was the Letter that was mailed to Plaintiff on or about June 3, 2019, and received by Plaintiff on June 12, 2019.

37. Capricorn is not the name of the creditor to which the alleged debt is owed, and Dynamic has not provided Plaintiff the correct name of said creditor to date.

38. Dynamic failed to provide Plaintiff with the name of the creditor and the amount of the alleged debt, in violation of 15 U.S.C §§1692g(a)(1) and §1692g(a)(2).

39. Dynamic sought to collect $323.95 in interest from Plaintiff.

40. Capricorn, a collection agency, contacted Plaintiff previously to collect the alleged debt, but at no time sought to collect interest from Plaintiff.

41. According to Dynamic, the alleged debt is accruing interest, which means that it is increasing daily.

42. The amount of the alleged debt, when Plaintiff received the Letter, was thus higher than the amount stated to be due in the Letter, since the amount of the alleged debt is increasing daily, according to Dynamic.

43. Though Dynamic is adding interest to the account on a daily basis, The Letter fails to state that the alleged debt would increase over time, and Dynamic thus failed to properly provide the amount of debt as required by 15 U.S.C. §1692g(a)(1).

44. The Letter also failed to state that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

45. Dynamic's failure to inform Plaintiff that interest increases the amount of the alleged debt, and/or that the balance increases every day, and/or that the amount that will be due on a later date upon which Plaintiff may pay will be more than the amount stated to be owed in the Letter is misleading and deceptive. See *Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72, 77 (2d Cir. 2016); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000).

46. To comply with the FDCPA, Dynamic should have informed the Plaintiff that, if he pays the amount stated to be due in the Letter, an adjustment may be necessary after it received Plaintiff's check, in which event it will inform Plaintiff before depositing the check for collection. *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 949 (7th Cir. 2004).

47. An unsophisticated consumer could decide to pay the amount stated on the Letter, thinking that his debt has been paid, only to find out later that he owes substantially more than he paid, because there was no deadline on the letter by which he was required to pay, and because he would not know that interest increases the amount of the alleged debt daily.

48. Plaintiff was harmed by the information in the Letter. Although he did not owe Capricorn money, he accessed Dynamic's website, and feared that he would be sued by Dynamic if he didn't pay the money they sought from him, and suffered substantial emotional distress both upon receiving the Letter indicating he owed money that he did not owe, as well as after he accessed Dynamic's website, as he feared being sued for a false claim that he did not have the money to defend.

49. Plaintiff did not know how much or who to pay in connection with the alleged debt, due to the confusing and/or false information provided by Dynamic.

50. Dynamic's collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—INDIVIDUAL COUNT

51. Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

52. Dynamic violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by misrepresenting the name of the creditor to which the alleged debt was owed, and by misrepresenting that Plaintiff owed money to Capricorn.

53. Dynamic violated 15 U.S.C. §§1692g(a)(1) and 1692g(a)(2) by failing to provide Plaintiff the name of the creditor to which the alleged debt is owed, and the correct amount of the alleged debt, within 5 days of the initial communication with Plaintiff made in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Dynamic, for:

a. Statutory damages;

b. Actual damages;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as is appropriate.

## COUNT II—CLASS COUNT

54. Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

55. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**§1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

56. Dynamic violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by failing to inform Plaintiff that the accrual of interest increases the amount of the alleged debt daily, and/or by failing to inform Plaintiff that the amount due on the date he pays will be greater than the amount stated to be due in the Letter.

57. 15 U.S.C. § 1692g of the FDCPA provides in part as follows:

**§1692g. Validation of Debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --**

**(1) the amount of the debt…**

58. Dynamic violated 15 U.S.C. §1692g(a) by failing to comply with the "amount of the debt" provision in its Notice of Debt mailed to Plaintiff, as it did not inform Plaintiff that the

amount of debt is increasing daily, that the amount due on a future date of payment will be more than the amount stated on the letter, and/or that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

59. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of a class.

60. Exhibit A is a form letter.

61. The Class consists of (a) all persons in Illinois (b) to whom Dynamic mailed the same form collection letter that it mailed to Plaintiff (Exhibit A) (c) for the purpose of collecting a debt (d) where the amount of the debt is increasing daily due to interest (e) where the letter does not inform the person that interest is increasing and/or accruing daily, that the amount due on a future date of payment will be more than the amount stated on the letter, and/or that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date, and (f) where the letter was mailed on or after June 20, 2018 and on or before June 27, 2019.

62. Plaintiff may alter the parameters of the classes to conform to discovery.

63. Based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the class is so numerous that joinder of all members is impracticable.

64. There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual Class members. The predominant common questions include whether Dynamic has a practice of mailing letters to individuals in Illinois where interest is increasing the amount of the debt Dynamic attempts to seek, yet

Dynamic fails to inform said individuals that the amount of the alleged debt is increasing daily, that the amount due on the date they pay will be more than the amount stated by Dynamic to be owed, and/or that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date

65. Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal and factual theories.

66. Plaintiff will fairly and adequately represent the members of the Class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

67. The Class consists of at least 35 persons from whom Dynamic attempted to collect a defaulted consumer debt, by mailing the type of Letter that was mailed to Plaintiff.

68. Dynamic mailed a letter in the form of Exhibit A to at least 35 persons in Illinois.

69. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Dynamic to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and in favor of the Class, and against Dynamic, for:

a. Statutory damages;

b. Any actual damages incurred by class members;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as is appropriate.

By:/s/ *Mario Kris Kasalo*
Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## JURY DEMAND

Plaintiff, individually and on behalf of a class, demands a trial by jury.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo